998 F.2d 1008
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
CHEMICAL BANK, a New York banking corporation, Plaintiff-Appellee,
v.
D3J ASSOCIATES LIMITED PARTNERSHIP, a Maryland limited
partnership; Campus V, Incorporated; Dennis A.
Laskin; Daniel I. Colton, Defendants-Appellants.
CHEMICAL BANK, a New York banking corporation, Plaintiff-Appellant,
v.
D3J ASSOCIATES LIMITED PARTNERSHIP, a Maryland limited
partnership; Campus V, Incorporated; Dennis A.
Laskin; Daniel I. Colton, Defendants-Appellees.
 Nos. 92-2144, 92-2156.
 United States Court of Appeals,
Fourth Circuit.
 Argued: May 3, 1993.
July 6, 1993.
 
 Appeals from the United States District Court for the District of Maryland, at Baltimore. John R. Hargrove, District Judge; Daniel E. Klein, Jr., Magistrate Judge. (CA-90-75-HAR)
 Argued: Griffin Vann Canada, Jr., Miles & Stockbridge, Rockville, Maryland, for Appellants.
 Paul M. Vettori, Kenny, Vettori & Robinson, Baltimore, Maryland, for Appellee.
 On Brief: J. Stephen McAuliffe, III, Miles & Stockbridge, Rockville, Maryland, for Appellants.
 Price O. Gielen, Cynthia L. Lippert, Neuberger, Quinn, Gielen, Rubin & Gibber, P.A., Baltimore, Maryland, for Appellee.
 D.Md.
 AFFIRMED.
 Before PHILLIPS and WILLIAMS, Circuit Judges, and BUTZNER, Senior Circuit Judge.
 OPINION
 PER CURIAM:
 
 
 1
 D3J Limited Partnership (D3J), Campus V, Inc. (Campus), Daniel I. Colton, and Dennis A. Laskin appeal a judgment entered against them on a suit by Chemical Bank to collect on a note. We affirm.
 
 
 2
 Colton and Laskin are the sole shareholders of Campus. In June 1988, Campus and Carley Capital Group (CCG) executed a partnership agreement (the agreement), with Campus as general partner and CCG as Class A limited partner. This limited partnership was named D3J. Simultaneously, D3J executed a promissory note for $369,582 to CCG. Colton and Laskin personally guaranteed the note "unconditionally ... to [CCG] and its successors and assigns." J.A. 72.
 
 
 3
 The note provided that interest would be 1% over the"floating prime or equivalent rate" charged from time to time by Equitable Bank. J.A. 67. All principal and interest was due by November 1989. The note did not reference the agreement. The agreement, however, provided that the note was to be repaid "as provided in Article V." Section 5.1 of Article V provided that the partnership's net distributable cash would be used, among other things, to make payments to CCG on the note. D3J produced no net distributable cash.
 
 Section 5.1 also provided that
 
 4
 The absence in [the] note of provisions comparable to those contained in this Article V relating to distributions of Net Distributable Cash in repayment of the [debt secured by the note] shall in no way alter, diminish or abrogate the obligation of the General Partners pursuant to this Article V. The absence of such provisions in such note are solely to protect the negotiability thereof.
 
 
 5
 J.A. 94.
 
 
 6
 CCG owed Chemical over $70 million, and needed another influx of capital. As part of a work-out agreement, Chemical accepted an assignment of the note to secure a mortgage to CCG in the amount of $301,111. Chemical required Laskin and Colton to submit financial statements to support their financial responsibility as guarantors of the note. Despite these inquiries, Laskin and Colton never informed Chemical of the cross-reference to the note in the D3J partnership agreement. Neither they nor any of their interlocking businesses made any payments on the note.
 
 
 7
 Chemical brought this federal diversity action to collect on the note. The district court denied Chemical's motion for summary judgment, ruling that the floating interest rate provided in the note was not a sum certain under the Maryland law effective when the note was made. Comm. Law, Anno. Code of Maryland §§ 3-104, -106 (1975). Although the Maryland legislature had, since the making of the note, brought "variable-plus" interest rates under the definition of "sum certain," id. § 3-106 (1990), the court declined to apply the amendment retroactively.[1] Consequently, the court held that Chemical was not a holder in due course and defendants-appellants (collectively, "D3J") were entitled to raise personal defenses as to which there were genuine issues of material fact making summary judgment inappropriate. J.A. 31-32.
 
 
 8
 Following a one-day trial before a Magistrate Judge, Chemical was awarded a final judgment totalling $599,509.58, inclusive of interest and fees. Before the Magistrate Judge, appellants defended on the basis that per the agreement no payment was due on the note except from net distributable cash, and since none had been generated payment was not due. The Magistrate Judge rejected this defense on alternative grounds: (1) that the note unambiguously provided for payment without reference to any source, and that parol evidence of the side agreement limiting the source was inadmissible; and (2) that in any event, appellants were equitably estopped by their conduct in responding to Chemical Bank's inquiries to raise this personal defense. Before us, appellants contend that the parol evidence rule was wrongly applied by the Magistrate Judge because the two instruments-note and agreement-properly should be treated as one, and because the elements of equitable estoppel were not, as a matter of law, sufficiently established.
 
 
 9
 We have studied the briefs and heard oral argument and have concluded that the Magistrate Judge did not err in rejecting the appellants' proffered defenses on the note, and in giving judgment upon it to Chemical Bank. Accordingly, we affirm on the reasoning of the Magistrate Judge. Chemical Bank v. D3J Associates Limited Partnership, et al., No. HAR-90-75 (D.Md. April 28, 1992) (memorandum opinion).[2]
 
 AFFIRMED
 
 
 [1]
 In 1992, the Maryland legislature effectively overruled this holding by expressly providing for retroactive application of the 1990 amendment to § 3-106. Comm. Law, Anno. Code of Maryland § 3-106(2) (1992)
 
 
 [2]
 As an alternative basis for affirming the judgment in its favor, Chemical Bank has contended by a "cross-appeal" (not actually required) that the district court should have given it summary judgment as a holder in due course, not subject to the appellants' personal defenses. Joining issue on this contention, appellants argue that to hold so would require giving retroactive effect to the Maryland statutes which sought to make variable rate interest provisions in notes not destructive of their negotiability, see note 1, supra, and that to do so would run afoul of the Impairment of Contract Clause of the federal constitution. In view of our affirmance on other grounds, we decline to address that constitutional issue. See Alexander v. Louisiana, 405 U.S. 625, 633 (1972)